# U. S. DISTRICT COURT.

## *In Re* JOHN S. WRIGHT.

The question of fraud in the creation of a debt, cannot be litigated in bankruptcy proceedings.

A debt, which is by section 33 of the act, excepted from the operation of a discharge, as is a debt created by the fraud of the bankrupt, can be collected notwithstanding the discharge.

A creditor, therefore, in bankruptcy proceedings, cannot be allowed to examine the bankrupt to prove the nature of the transaction out of which the indebtedness due to him arose, and that such indebtedness was created by false and fraudulent representations of the bankrupt.

*At Chambers, before* JOHN FITCH, *Register.*

THIS cause is now pending before me in this court of bankruptcy. The petitioner sets forth in his schedules an indebtedness as a member of the firm of Wright, Maxwell & Co., to Knowles & Foster, creditors; the petitioner sets out the cause of indebtedness as follows:

"The said Knowles & Foster made a claim in Rio de Janeiro, as creditors of Wright, Maxwell & Co. and Maxwell, Wright & Co., on the failure of the latter firm, which claim the petitioner believes was admitted by the court at Rio. The petitioner believes the claim was for acceptances and advances made and given by said Knowles & Foster for said Maxwell, Wright & Co. and Wright, Maxwell & Co., but has no knowledge of the amount of said claim or how much is due thereon, all the papers and accounts relating thereto having been kept at Rio de Janeiro." On the 29th day of April, 1868, Knowles & Foster appeared before me at a court of bankruptcy, by attorneys Weeks & Forster, and proved their claim, which is in words and figures as follows:

*Southern District of New York,* ss.:

At No. 39 Pine street, in the city of New York, in the county of New York and state of New York, on the 29th

day of April, A. D., 1868, before me, John Fitch, a register for the southern district of New York, came George H. Forster of New York city, in the county of New York and state of New York, and made oath, and says that he is one of the firm of Weeks & Forster, of said city, who are the attorneys in this matter of Knowles & Foster, of London, England, and that deponent's firm is authorized to represent them herein by letter of 15th April, 1868.

And deponent further alleges upon information and belief, founded upon the correspondence between said Knowles & Foster and Robert C. Wright, partner in said bankrupt's firms hereinafter mentioned, copies thereof are in deponent's possession, that said John S. Wright, the person by whom a petition for adjudication of Bankruptcy has been filed, at and before the filing of the said petition, was and still is justly and truly indebted to said Knowles and Foster, of London, England, represented by deponent's firm as aforesaid, in the sum of nineteen thousand and forty-eight pounds, fifteen shillings and eleven pence, sterling (£19,048 15s 11d), lawful money of Great Britain, with interest thereon from the 15th day of November, 1866, equivalent at that time in lawful money of the United States to one hundred and thirty-four thousand and thirty-four dollars and sixty-one cents, with interest as aforesaid for the unpaid balance of moneys before that time advanced and paid by said Knowles & Foster at the request and for the use of the said bankrupt's firm, which did business under the name of Maxwell, Wright & Co., at Rio de Janeiro, and Wright, Maxwell & Co. in New York and Baltimore, under credits given by said Knowles & Foster, as bankers, to said bankrupt's firm upon their representation that their capital was sufficient to guarantee their bankers and especially said Knowles & Foster against loss under any responsibilities which they might assume under such credits; and besides such capital of their own they had the indefinite use of a large portion of the capital which their uncle had in the house, as also of some £10,000 or £11,000

Matter of Wright.

of Mr. Maxwell's capital, which representations were untrue, the facts being to the contrary thereof, and were falsely and fraudulently made to induce, and did induce said Knowles & Foster, on the faith thereof, to advance and pay said moneys and assume the responsibility thereof; that such debt of $134,034.61, with interest as aforesaid, was created by such fraud and false representations of said bankrupt's said firm with his knowledge, ratification, acquiescence and assent therein and thereto, for which said sum of one hundred and thirty-four thousand and thirty-four dollars and sixty-one cents, or any part thereof, this deponent says that he has not, nor has any person by his order, or to this deponent's knowledge or belief, for said Knowles & Foster's use, had, or received any manner of satisfaction or security whatsoever.

And this deponent further says that the said claim was not procured for the purpose of influencing the proceedings under the act of Congress entitled "An act to establish a uniform system of bankruptcy throughout the United States," approved March 2, 1867; that no bargain or agreement, expressed or implied, has been made or entered into by or on behalf of this deponent, to sell, transfer or dispose of said claim, or any part thereof, against said bankrupt, or to take or receive, directly or indirectly, any money, property or consideration whatever whereby the vote of this deponent for assignee, or any action on the part of this deponent, or any other person in the proceedings under said act, has been, is or shall be in any way affected, influenced or controlled.

GEORGE H. FORSTER,<br>
KNOWLES & FOSTER, by<br>
GEORGE H. FORSTER, their attorney,<br>
<em>Deposing Creditors.</em>

Subscribed and sworn to before me,

JOHN FITCH,

*Register in Bankruptcy for the Southern District of N. Y.*

On application and motion of Weeks & Forster, counsel for Knowles & Foster, I granted an order for the examination of the petitioner, who is now under examination on the part of Knowles & Foster; his examination on behalf of Messrs. Knowles & Foster not having been concluded, the representative counsel submit in writing the following question pertinent to the issue:

*In the matter of Johh S. Wright, bankrupt.*

Counsel for Knowles & Foster, creditors, propose to examine the bankrupt, to prove the nature of the transaction out of which the indebtedness of $134,034.61 and interest thereon to said creditors arose, and that the indebtedness was created by the fraud and false representations of said bankrupt and his late partnership, for the purpose of showing that this debt cannot be discharged under these proceedings.

WEEKS & FORSTER,
*Attorneys for Knowles & Foster.*

The bankrupt, John S. Wright, objects that such inquiry is irrelevant, that the question of fraud in the creation of the debt cannot be litigated in these proceedings, that a debt fraudulently contracted is not affected by a discharge in bankruptcy, and can be collected notwithstanding such discharge, and that such question can only arise when it is undertaken to collect such debt after the discharge is granted.

CHAPMAN, SCOTT & CROWELL,
*Attorneys for Bankrupt*

"It is conceded that the debt referred to was contracted in the year 1864."

The action of the respective counsel places the petitioner in a singular and anomalous position. The creditors had a right to prove their claim in the manner and form they did, it being a provable claim; the petitioner has a right to controvert or contradict such proof and show that the indebtedness was not founded upon fraud, and was free from fraud, or that the creditors have affected a settlement thereof with some member of the firm of which petitioner was a member,

or that the debt was contracted in the usual course of trade in a mutual, open, current and running account, running through a series of years, and that the petitioner was not present at the making of the contract, and that his only information on the subject was subsequently derived from others and that the petitioner personally was entirely free from any fraudulent act or intent, or show in any way or manner that the debt was not fraudulent. This as yet he has not done, and as the case now stands the allegations of Knowles & Foster, as per their proof of debt, stands admitted; therefore section 33 of the bankruptcy act governs this case. The bankrupt cannot be discharged from the debt proven by Knowles & Foster, but is entitled to a discharge from his other debts, and brings this case within the rule laid down by Register Dayton, and affirmed by your honor in *Tallman's* case (1 *Bank. Reg. p.* 122), in which case Register Dayton says: "The fact that the debt was created in fraud does not therefore constitute a ground of opposition to the discharge of the bankrupt, and as the examination of the bankrupt is for the purpose of ascertaining whether or not the bankrupt is entitled to a discharge under the act, evidence of fraud in the creation of the debt is not admissible."

A suit is now pending in one of the courts of this State between Knowles & Foster and the petitioner and others as defendants for the recovery of the claim proven by Knowles & Foster. The petitioner has been adjudged a bankrupt, therefore all proceedings against him in the suit in the State court must stop, if enjoined by this court, as the subject matter of the suit has been proven against the estate of the petitioner in bankruptcy. The district court has full, complete and original jurisdiction in this action of the bankrupt, and of the assets of the bankrupt, and can by its injunction restrain and control the action of Knowles & Foster in their action in the State court, or stay the issuing of an execution or any judgement therein, as this court is competent and has

the legal right to relieve the bankrupt from arrest or process from a State court, and also prohibit his arrest or prosecution in any other court, provided the debt is founded upon a contract, a debt from which a discharge in bankruptcy would relieve or release him, and also to decide the question of fraud. As it was evidently the design of Congress that this court should do by the passage of the bankrupt act as the form of the discharge, to wit:

"District Court of the United States.

District of

Whereas,                   has been duly adjudged a bankrupt under the act of Congress establishiug a uniform system of bankruptcy throughout the United States, and appears to have conformed to all the requirements of law in that behalf, it is therefore ordered by the court that said            be forever discharged from all debts and claims which by said act are made provable against his estate, and which existed on the     day of          , on which day the petition for adjudication was filed by or against him, excepting such debts, if any, as are by said act excepted from the operations of a discharge in bankruptcy.

Given under my hand and the seal of the Court
[SEAL.]     at        in the said district, this   day of
          A. D.

                                        ———, Judge."

clearly contemplates that the discharge should be a full, complete and final discharge, free from all reservations. In order to effect this the whole question should be passed upon by the court in bankruptcy. This court must necessarily inquire into the question of fraud and also decide it, which decision will be final and binds all the State courts.

The committing of a fraud in the contracting of a debt is a question of fact, and should not be decided on *ex parte* testimony, as it must be if decided on the testimony as it now stands. (*In re Glaser*, 1 *B. R.* 18, 73 ; *in re John B. Borst*, 2 *B. R.* 62; *in re Alexander Frear*, 1 *B. R.*, 201 ;

*Vol.* 35, *No.* 3, *Howard's Pr. Reports*, 245 ; *opinion of register*, 252.) The judgment of the court upon all the proceedings in the cause as well as upon the testimony setting forth all the facts that make up the fraud, is conclusive, and if the bankrupt is not discharged by the decision of the court upon the question of fraud, the bankrupt cannot contest that question in any other court, as he is estopped by the record of this court as the proceedings in bankruptcy, all the testimony must be filed (*section 5 Bankrupt Act. In re Patterson*, 1 *B. R.* 58 ; *in re Seymour*, 6 *Int. Rec.* 60 ; *in re Pelter*, 2 *B. R.* 17.) The injunction or order of this court operates as a stay of proceedings or a release throughout the United States, and would compel the discharge of a person arrested or imprisoned by order of a State court (2 *B. R.* 12).

I held that a debt created by fraud can be litigated in these proceedings, and this court is the proper forum in which such questions should be ·passed upon. Any other course would tend to endless litigation in the State courts. If the petitioner chooses he can contradict or disprove the proof in this case as given by the creditors Knowles & Foster; but as the testimony now stands, the claim of the aforesaid creditors stands proven as a debt founded on fraud which cannot be discharged or effected by any discharge granted the petitioner, as the specification on that point is fully sustained by the proof, which is a restatement of the specifications. (*In re Clarke*, 2 *B. R.* 44 ; *in re Elliott*, 2 *B. R.* 44; *sections* 32 *and* 33 *Bankrupt Act.*) The question to be propounded by the counsel for Knowles & Foster are not admissable at this stage of the proceedings, but will be as soon as the petitioner by testimony controverts the proof made by Knowles & Foster.

I hold, as a matter of law, that as the claim now stands proven (as the testimony now stands) it is a claim founded in fraud, and by section 33 of the bankrupt act cannot be affected by any discharge under the act. That it is not competent for the creditors (*Knowles* agt. *Foster*) now to

inquire into the question of fraud in the creation of the debt; that until the petitioner in some way contradicts the proof as given by Knowles & Foster as to the fraudulent contracting of the debt, the evidence sought to be given by them is inadmissible, but should the petitioner contradict, controvert or explain the testimony given by the creditors, then the creditors will be entitled to the examination as asked for.

JOHN FITCH, *Register.*

BLATCHFORD, J. The creditors, Knowles & Foster, cannot be allowed to examine the bankrupt to prove the nature of the transaction out of which the indebtness due to them arose, and that such indebtedness was created by the false and fraudulent representations of the bankrupt and his late partnership, for the purpose of showing that the debt cannot be discharged under the proceeding in bankruptcy. The examination proposed is wholly irrelevant. The question of fraud in the creation of the debt cannot be litigated in these proceedings. A debt which is, by section 33 of the act, excepted from the operation of a discharge, as is a debt created by the fraud of the bankrupt, can be collected notwithstanding the discharge.

The question whether the discharge affects the debt in question can only arise and be determined by the parties in a suit prosecuted to collect the debt, in which the discharge, after it shall have been granted, shall be pleaded or set up as a bar to a recovery. There is nothing in the proof of debt in this case which can in any manner conclude or prejudice either party in any suit pending in any other tribunal, so far as regards the issue of fraud in the contracting of the debt. The creditors cannot be prejudiced by proving their debt, if it was in fact a debt created by fraud, for section 33 of the act expressly saves all their rights, even though they prove their debt. Nor, *e converso,* can any thing in the proof of debt, affect or conclude the bankrupt on any

Matter of Wright.

issue as to the creation of the debt by fraud. Section 21 of this act, in so far that it declares that a creditor who proves his debt shall be deemed to have waived thereby all right of action and suit against the bankrupt, and that all proceedings already commenced or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby, cannot be held to apply to or include a debt which is by section 33 excepted from the operation of a discharge; otherwise sections 21 and 33 would be directly repugnant to each other; and while section 33 declares that the creditor proves it, the creditor would by section 21 be deprived forever of bringing any suit against the bankrupt to recover the debt, and would be held to have discharged any unsatisfied judgment for it already obtained. The provision referred to in section 21 applies only to a debt which will be discharged by a discharge.